(No. 82-CC-0910 )

JUNIOR B. BERANEK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed June 11, 1982.*

*Order on motion for rehearing filed July 26, 1982.*

*Opinion filed December 14, 1984.*

JUNIOR B. BERANEK, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

Roe, C.J.

## OPINION

Roe, C.J.

Claimant, an employee of the Respondent's Department of Rehabilitation at the Illinois School for the Deaf in Jacksonville, Illinois, brought this claim seeking back wages. He alleged in his complaint that he demanded payment of certain back wages from his employer and the Respondent's former department of personnel and his demand was refused.

This matter came on for hearing on March 18, 1983, after the Court had sustained two motions to dismiss. At the Claimant's request, however, a hearing was granted based upon the Claimant's representations that he could better present his case by way of testimony.

The claim arises from the Claimant's interpretation of certain arbitration and bargaining awards and agreements which are commonly referred to as the Sol Elkin award of May 18, 1981, together with a memorandum of understanding dated September 21, 1981. The Claimant contends that under the arbitration award and memorandum of understanding dated September 21, 1981, he should be given retroactive pay of $849.30 for the 1980-1981 school year and $207.70 for the 1982 school year.

The central issue throughout the case centers on the authority of a Mr. Walther, the union representative, and a Mr. Vallone, management's representative, on both the documents described above. In addition to the case at bar, the Claimant filed a grievance based on these documents. The grievance was withdrawn by Mr. Walther at the 4A grievance level proceeding—pre-arbitration. Claimant testified that Mr. Walther had no authority to withdraw this grievance and had been expressly told by him not to file a withdrawal.

As part of its defense the Respondent presented testimony from Carol Hibma, the labor relations administrator with the Department of Rehabilitation Services. At the time of the Elkin decision she was the labor relations administrator of the department of personnel. She testified that she was familiar with the decision, the agreements, and procedures and that the Claimant had been paid in full pursuant thereto.

Having reviewed the testimony and evidence, we find that the Claimant has failed to prove by the preponderance of the evidence that he is entitled to an award. Further, we find that he has failed to exhaust his remedies as required by section 25 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.24-5) and

Rule 6 of the Rules of the Court of Claims. To hold otherwise would allow a dissatisfied union member to disavow the authority of his union representative and circumvent the Personnel Code and collective bargaining agreements and to come here for resolution of a grievance. This case clearly presents the need for the aforementioned section 25 and Rule 6.

Claim denied.